**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS SORRANO FLORES,<br>Petitioner,<br>v.<br>J. JAMES, Warden, et al.,<br>Respondents. | CASE NO. 5:26-cv-06652-SK<br>**ORDER CONDITIONALLY GRANTING HABEAS PETITION (BOND HEARING)**<br>A-File No. 208-081-324 |

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is CONDITIONALLY GRANTED. **Jose Luis Sorrano Flores (A# 208-081-324)** shall be released from ICE detention unless, within 7 days of this order, he is provided a custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026) ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community.") (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)); *see also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (The "federal courts may delay the release of a successful habeas petitioner in order to provide the [government] an opportunity to correct the constitutional violation found by the court.").

Consistent with agency regulations and practice, however, the immigration judge would retain ordinary discretion to continue the hearing for a reasonable period beyond the seventh day of this order based on a valid showing of good cause—including a request by petitioner to secure appearance of immigration counsel or to marshal documentary evidence for the hearing. *See, e.g.*, 8 C.F.R. § 1003.29.

Judgment consistent with this order will be entered in petitioner's favor. Meanwhile, the court retains jurisdiction to enforce its order and judgment subject to the limits of 8 U.S.C. § 1226(e). *See, e.g.*, *Gomez v. Blanche*, No. 2:26-CV-09172-SK, 2026 WL 2743119, at *1 (C.D. Cal. Sept. 15, 2026); *see also Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026). It also retains jurisdiction over any successive petition under § 2241 alleging that petitioner is being held in immigration custody within this district in violation of federal law. *See* 28 U.S.C. § 1651; *see also Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (abuse of the writ doctrine precludes reconsideration of claims that were or could have been raised in prior habeas petition).

IT IS SO ORDERED.

DATED: November 18, 2026

HON. STEVE KIM
United States Magistrate Judge